IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 DEC 31 A 11: 31

CLERK C. Robinson
SO. DIST. OF GA.

FRANKLIN L. WILLIAMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,
and RICHARD M. DARDEN,

    Respondents.

CIVIL ACTION NO.: CV512-139

CASE NO.: CR506-14

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Complex-Low in Coleman, Florida, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In this motion, Williams contended that his appellate counsel was ineffective by failing to file a motion for new trial pursuant to Federal Rule of Criminal Procedure 33. According to Williams, if his appellate counsel had filed this motion, his sentence would have been vacated in the interests of justice. Williams alleged that he was incompetent to stand trial due to his post-traumatic stress disorder, denied a voice test, and unable to confront the witnesses against him. Williams also alleged that no drugs were found in his possession. (Doc. No. 1).

The undersigned recommended that Williams' motion be dismissed as a successive section 2255 motion which was filed in this Court without the proper authorization from the Eleventh Circuit Court of Appeals. (Doc. No. 5). The Honorable

William T. Moore, Jr., adopted the undersigned's Report and Recommendation as the opinion of the Court, over Williams' Objections, by Order dated February 27, 2013. (Doc. No. 10). Judgment dismissing this case was entered on the same date. (Doc. No. 11). The next docket entry in this case was Williams' notice of change of address, which was filed on August 7, 2013. (Doc. No. 12). A notice of appeal was filed on Williams' behalf on September 12, 2013. (Doc. No. 13). Williams filed a motion to reinstate his appeal with the Eleventh Circuit because he contended he timely filed his notice of appeal. The Eleventh Circuit remanded this case with instructions for this Court to make a factual determination "as to whether and when Williams filed the purported March 5 notice of appeal." (Doc. No. 17, p. 2). In accordance with this directive, the undersigned conducted an evidentiary hearing, via a telephonic conference call, on December 20, 2013. Williams testified from the Federal Correctional Complex in Coleman, Florida. Ms. Behan with the mailroom at the Federal Correctional Institution in Bastrop, Texas ("FCI Bastrop"), testified from that facility. Williams' unit manager and Mr. Tang, counsel for FCI Bastrop, were also on the telephone line.

## **DISCUSSION AND CITATION TO AUTHORITY**

Rule 3 of the Federal Rules of Appellate Procedure requires a party to file his notice of appeal "within the time allowed by Rule 4." FED. R. APP. P. 3(a)(1). "In a civil case, except as provided in Rule[ ]. . . 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(A). Pursuant to Appellate Rule 4(c), an inmate's notice of appeal "is timely if it is deposited in the institution's internal mail system on or

2

before the last day for filing." In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court concluded that a prisoner's notice of appeal was timely filed when the prisoner delivered it to prison officials for forwarding to the court clerk. To calculate the thirty days in which an inmate's notice of appeal will be considered timely filed, "the day of the act, event, or default that begins the period" is excluded, and "the last day of the period unless it is a Saturday, Sunday, [or] legal holiday" is included. FED. R. APP. P. 26(a)(1) and (3). Additionally, Rule 26(c) provides a party with three more days in which to file a document, unless that document "is delivered on the date of service stated in the proof of service." FED. R. APP. P. 26(c).

Williams testified that he gave a correctional officer in his building at FCI Bastrop his notice of appeal in this case for mailing on March 5, 2013. Ms. Behan confirmed that Williams mailed two (2) items around this date, on March 6 and March 11, 2013. A notice of appeal dated March 5, 2013, was filed with this Court on March 11, 2013; however, this notice of appeal was filed in CV509-104, and was an appeal of Judge's Moore's Order in that case, which was also docketed on February 27, 2013. (Case No. CV509-104, Doc. Nos. 79, 80). This Court also received a motion for certificate of appealability from Williams on March 11, 2013, which was also dated March 5, 2013, and was also docketed in CV509-104. (Id. at Doc. No. 81).

Neither this Court nor the Eleventh Circuit has any record of Williams having filed a notice of appeal in this case on or about March 5, 2013. Nevertheless, giving Williams the benefit of the doubt, it appears that he at least attempted to file a timely notice of appeal in this case. Williams was sentenced in this Court on June 20, 2007, (CR506-14, Doc. No. 62), and since his conviction, Williams has filed countless causes

of action and innumerable motions attacking this conviction and his conviction obtained in state court. It is not beyond the realm of possibility that Williams placed two (2) notices of appeal in the same envelope, given that he was filing notices of appeal in two (2) separate cases based on orders of the same date. It also is not beyond possibility that Williams gave two (2) separate envelopes to a correctional officer at FCI Bastrop on March 5, 2013, and the correctional officer only gave one (1) of these envelopes to the mailroom staff. Further, given the sheer volume of filings Williams sends to this Court for docketing, a clerical error could have caused Williams' notice of appeal to not be docketed in this case. Whatever the reason, there is at least some evidence before the Court that Williams prepared a notice of appeal in this case appealing Judge Moore's February 27, 2013, Order, on March 5, 2013, and gave that notice to a member of the correctional staff at FCI Bastrop. (Doc. No. 14, pp. 3–8).

It appears that Plaintiff timely filed his notice of appeal with the Clerk's Office, as required by the Federal Rules of Appellate Procedure. Plaintiff was required to deliver his notice of appeal in this case to prison officials on or before April 1, 2013; according to his unrebutted testimony, Williams did so on March 5, 2013. Therefore, it is my **RECOMMENDATION** that Plaintiff be allowed to proceed with his appeal in this case.

**SO REPORTED** and **RECOMMENDED**, this 31st day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)